ROTH HOROWITZ, LLC
Steven B. Horowitz, Esq. (SBH-3606)
150 Morris Avenue, Suite 206
Springfield, NJ 07081
(973)258-1288
(973)258-1171 (Fax)

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAR PLUMBING CO., INC. and CARDOZA CORP., <br><br> Plaintiffs, <br><br> -against- <br><br> WILLIAM JOHNSTON, A.S.A. ASSOCIATES OF NEW YORK, INC., AND RIVERDALE ASSOCIATES, LLC. <br><br> Defendants. | Docket No.: 07-CIV-9722 <br><br> ANSWER, SEPARATE DEFENSES, AND COUNTERCLAIMS ON BEHALF OF DEFENDANTS WILLIAM JOHNSTON, A.S.A. ASSOCIATES OF NEW YORK, INC. AND RIVERDALE ASSOCIATES, LLC |
| WILLIAM JOHNSTON, A.S.A. ASSOCIATES OF NEW YORK, INC., AND RIVERDALE ASSOCIATES, LLC. <br><br> Third Party Plaintiffs, <br><br> -against- <br><br> ASSOCIATION OF CONTRACTING PLUMBERS OF THE CITY OF NEW YORK, STEWART O'BRIEN, EUGENE CARDOZA, LAWRENCE LEVINE, GEORGE LEVINE, CARDOZA PLUMBING CORP., AND RAYMOND CARDOZA, JOHN DOES 1-10 AND COMPANY ABC THROUGH XYZ, <br><br> Third Party Defendants. | |

Defendants William Johnston, A.S.A. Associates of New York, Inc. and Riverdale Associates, LLC, by and through their attorney of record, Roth Horowitz, LLC, for an Answer Affirmative Defenses, and Counterclaims, respectfully state as follows:

## JURISDICTION & VENUE

1. Paragraph one of the Complaint contains a general description of the action against Defendants, not factual assertions, to which no response is required. To the extent an answer may be required, Defendants deny the allegations contained in this paragraph.

2. Paragraph two of the Complaint contains a general description of the action against Defendants, not factual assertions, to which no response is required. To the extent an answer may be required, Defendants deny the allegations contained in this paragraph.

3. Paragraph three of the Complaint contains a general description of the action against Defendants, not factual assertions, to which no response is required. To the extent an answer may be required, Defendants deny the allegations contained in this paragraph.

## THE PARTIES

4. Defendants deny the allegations contained in paragraph four of the Complaint.

5. Defendants admit the allegations contained in paragraph five of the Complaint.

6. Defendants admit the allegations contained in paragraph six of the Complaint.

7. Defendants admit the allegations contained in paragraph seven of the Complaint.

8. Defendants admit the allegations contained in paragraph eight of the Complaint.

## NON-RELATED PARTY PERSONS AND ENTITIES

9. Paragraph nine makes no allegations concerning these Defendants and therefore no response is provided and Plaintiffs are left to their proofs.

10. Defendants admit the allegations contained in paragraph 10 of the Complaint.

11. Defendants admit the allegations contained in paragraph eleven of the Complaint.

12. Defendants admit the allegations contained in paragraph twelve of the Complaint.

13. Defendants admit the allegation contained in paragraph thirteen of the Complaint.

### APPLICABLE COLLECTIVE BARGAINING AGREEMENTS

14. Defendants neither admit nor deny the allegations contained in paragraph fourteen of the Complaint, as the argument speaks for itself.

15. Defendants neither admit nor deny the allegations contained in paragraph fifteen of the Complaint, as the argument speaks for itself.

16. Defendants neither admit nor deny the allegations contained in paragraph sixteen of the Complaint, as the argument speaks for itself.

17. Defendants neither admit nor deny the allegations contained in paragraph seventeen of the Complaint, as the argument speaks for itself.

18. Defendants neither admit nor deny the allegations contained in paragraph eighteen of the Complaint, as the argument speaks for itself.

19. Defendants neither admit nor deny the allegations contained in paragraph nineteen of the Complaint, as the argument speaks for itself.

20. Defendants neither admit nor deny the allegations contained in paragraph twenty of the Complaint as the argument speaks for itself.

21. Defendants deny the allegations contained in paragraph twenty-one of the Complaint.

22. Defendants neither admit nor deny the allegations contained in paragraph twenty-two of the Complaint, as the argument speaks for itself.

23. Defendants neither admit nor deny the allegations contained in paragraph twenty-three of the Complaint, as the argument speaks for itself.

24. Defendants neither admit nor deny the allegations contained in paragraph twenty-four of the Complaint, as the argument speaks for itself.

25. Defendants admit the allegations contained in paragraph twenty-five of the Complaint.

26. Defendants deny the allegations contained in paragraph twenty-six of the Complaint.

27. Defendants deny the allegations contained in paragraph twenty-seven of the Complaint.

28. Defendants deny the allegations contained in paragraph twenty-eight of the Complaint.

29. Defendants deny the allegations contained in paragraph twenty-nine of the Complaint.

30. Defendants deny the allegations contained in paragraph thirty of the Complaint.

31. Defendants deny the allegations contained in paragraph thirty-one of the Complaint.

32. Defendants deny the allegations contained in paragraph thirty-two of the Complaint.

33. Defendants deny knowledge and information sufficient enough to form a belief as to the allegations contained in paragraph thirty-three of the Complaint.

34. Defendants admit the allegations contained in paragraph thirty-four of the Complaint.

35. Defendants deny the allegations contained in paragraph thirty-five of the Complaint.

36. Defendants deny the allegations contained in paragraph thirty-six of the Complaint.

37. Defendants admit that Cahill had granted Defendants that plumbers could be employed on a six (6) month trial basis, but deny the remaining allegations contained in paragraph thirty-seven of the Complaint.

38. Defendants deny knowledge and information sufficient enough to form a belief in the allegations contained in paragraph thirty-eight of the Complaint.

### ANTICOMPETITIVE CONDUCT

39. Defendants deny the allegations contained in paragraph thirty-nine of the Complaint.

40. Defendants deny the allegations contained in paragraph forty of the Complaint.

### EFFECTS OF DEFENDANTS' [ALLEGED] MISCONDUCT

41. Defendants deny the allegations contained in paragraph forty-one of the Complaint.

42. Defendants deny the allegations contained in paragraph forty-two of the Complaint.

43. Defendants deny the allegations contained in paragraph forty-three of the Complaint.

### PRODUCT MARKET AND GEOGRAPHICAL MARKET

44. Defendants deny the allegations contained in paragraph forty-four of the Complaint.

45. Defendants deny the allegations contained in paragraph forty-five of the Complaint.

### EFFECT ON COLLECTIVE BARGAINING

46. Defendants deny the allegations contained in paragraph forty-six of the Complaint.

### FIRST CAUSE OF ACTION

47. Defendants restate the answers as set forth in paragraphs one through forty-six above.

48. Defendants deny the allegations contained in paragraph forty-eight of the Complaint.

49. Defendants deny the allegations contained in paragraph forty-nine of the Complaint.

50. Defendants deny the allegations contained in paragraph fifty of the Complaint.

51. Defendants deny the allegations contained in paragraph fifty-one of the Complaint.

52. Defendants deny the allegations contained in paragraph fifty-two of the Complaint.

### SECOND CAUSE OF ACTION

53. Defendants restate the answers as set forth in paragraphs one through fifty-two above.

54. Defendants deny the allegations contained in paragraph fifty-four of the Complaint.

55. Defendants deny the allegations contained in paragraph fifty-five of the Complaint.

56. Defendants deny the allegations contained in paragraph fifty-six of the Complaint.

57. Defendants deny the allegations contained in paragraph fifty-seven of the Complaint.

58. Defendants deny the allegations contained in paragraph fifty-eight of the Complaint.

### THIRD CAUSE OF ACTION

59. Defendants restate the answers as set forth in paragraphs one through fifty-eight above.

60. Defendants deny the allegations contained in paragraph sixty of the Complaint.

### FOURTH CAUSE OF ACTION

61. Defendants restate the answers as set forth in paragraphs one through sixty above.

62. Defendants deny the allegations contained in paragraph sixty-two of the Complaint.

WHEREFORE, Defendant demands judgment against the Plaintiffs as to each claim for relief in their entirety, without costs or attorneys fees.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a cause of action upon which relief can be granted as a matter of fact and/or law.

2. The Plaintiffs' Claims are barred in whole or in part, by the Doctrine of Laches.

3. Plaintiffs' Claims are barred, in whole or in part, by the Doctrine(s) of Waiver and/or Estoppel.

4. Plaintiffs' Claims are barred, in whole or in part, by the Doctrines of Res Judicata and/or Collateral Estoppel.

5. Plaintiffs' Claims are barred, in whole or in part, as these Defendants breached no duty owed to the Plaintiffs.

6. The claims of the Plaintiffs' are preempted, in whole or in part, by section 301 of the Labor Management Relations Act, 29 U.S.C. Section 185, as a amended ("LMRA").

7. The claims of the Plaintiffs' are preempted, in whole or in part, by the Employee Retirement Income Security Act of 1974 ("ERISA") as amended.

8. There is no proximate causal connection between the violations alleged, and any injuries allegedly sustained by Plaintiffs'.

9. Plaintiff cannot establish any contract, combination, and conspiracy between Defendants.

10. Plaintiffs' lack standing to bring the instant action.

11. Plaintiffs' Claims are barred, in whole or in part, due to the dismissal of prior actions.

12. Plaintiffs' Claims against Defendant Johnston are barred as Johnston has no fiduciary or other duty to or with any of the Plaintiffs.

13. Plaintiffs have failed to mitigate any and all damages.

14. Plaintiffs Claims are frivolous and Defendants must be awarded all reasonable costs and reasonable attorney's fees pursuant to Rule 11 of the Federal Rules of Civil Procedure.

15. The Favored Nations Clause of the Collective Bargaining Agreement bars all claims.

16. Plaintiffs' claims are barred by the doctrine of unclean hands.

17. Plaintiff has failed to allege a conspiracy.

18. If any statement by Defendants or Defendants' agent or representative was false, same was not known to be false at the time it was made.

19. If any omission was made to Plaintiffs by Defendants, same was not a material omission.

20. Plaintiff never entered into a contract with Defendants. Any contract alleged to have been entered into is violative of the Statute of Frauds.

21. The alleged damages complained of were due to unavoidable circumstances, causes beyond the control or fault of Defendants, or as a result of the Plaintiffs' own actions and/or negligence.

22. Without admitting any contractual or other relationship to the Plaintiffs, Plaintiffs materially breached the contract.

23. There was no special relationship between Defendants and Plaintiffs.

24. The exact terms of the alleged conspiratory/restraintive conduct are not plead with sufficient specificity.

25. Any statements made by Defendants were statements of opinion and as such are not actionable. At no time did the Defendants state or intentionally imply that any alleged statement was a statement of existing fact upon which the Plaintiff could reasonably rely, nor did the Defendants state or imply that any opinions expressed were based on facts that would justify reliance on those opinions.

26. Plaintiffs have failed to allege that Defendants conspired with another party.

27. Plaintiffs have failed to allege that Defendants acted in concert.

28. Plaintiffs have failed to allege the existence of an agreement, unlawful or otherwise, between Defendants and another party.

29. The Claims are barred by the applicable Statute of Limitations.

30. The Claims are barred, in whole or in part, by New York State Law.

31. The Claims are subject to mandatory arbitration under the terms of the Collective Bargaining Agreements.

32. Any statements alleged to have been made by Defendants were not made to third parties.

33. The Claims are barred, in whole or in part, by the lack of contract between Plaintiffs and Defendants or any third party.

34. The Claims are barred, in whole or in part, by the lack of a breach of any contract between Plaintiffs and Defendants or any third party.

35. The Claims are barred, in whole or in part, as Defendants induced no third party to breach any contract.

36. The Claims are barred, in whole or in part, by the lack of Defendants' intentional procurement of a breach of a valid contract between Plaintiffs and a third party.

37. The Claims are barred, in whole or in part, as Plaintiffs have suffered no damages.

38. As per the admissions contained in paragraph 25 of the Amended Complaint, Defendants followed all appropriate protocols with the UA to obtain site specific relief to the Basic Agreement and/or Schedule "A" or "B" rates for the projects listed in the Complaint.

39. Plaintiffs claims are barred by the Doctrine of Accord and Satisfaction.

40. The Claims are barred, in whole or in part, by additional defenses as Defendants may have that cannot now be articulated due to the lack of specificity and generality of the allegations in the Complaint, and due to the fact that discovery has not been completed. Defendants thus reserve the right to supplement and amend the foregoing to raise additional defenses as may appear as the case progresses.

## COUNTERCLAIM AGAINST PLAINTIFFS PAR PLUMBING CO., INC. AND CARDOZA CORP.

### JURISDICTION AND VENUE

1. This Court has jurisdiction over the above named Plaintiffs by virtue of the Complaint filed in the Instant Case.

### PARTIES

2. Defendant-Counterclaimant Riverdale Associates, LLC, (hereinafter referred to as "Riverdale") is a limited liability corporation organized and existing under the laws of the State of Nevada, and is authorized to conduct business in the City and State of New York as an employer within the meaning of Sections 3(5) and 515 of ERISA (29

U.S.C. §602(5) and 1145), and was and is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. §185). Riverdale is engaged in the business of plumbing and pipe fitting services.

3. Defendant-Counterclaimant ASA of New York, Inc. (hereinafter referred to as "ASA") is a corporation organized and existing under the laws of the State of New York, and is authorized to conduct business in the City and State of New York as an employer within the meaning of Sections 3(5) and 515 of ERISA (29 U.S.C. §602(5) and 1145), and was and is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185). ASA is engaged in the business of plumbing and pipe fitting services.

4. Defendant-Counterclaimant William J. Johnston (hereinafter referred to as "Johnston") is President and majority shareholder of ASA and is the Managing Member of Riverdale.

5. Unless otherwise noted, the Defendants-Counterclaimants Riverdale Associates, LLC, ASA of New York, Inc., Wingate Mechanical and William Johnston are

collectively referred to hereinafter as the "Riverdale Defendants."

6. This Counterclaim is asserted against the following Plaintiffs:

    a. Par Plumbing Co., Inc.; and

    b. Cardoza Corp.

### FACTS COMMON TO ALL COUNTS

7. The Plaintiffs and Riverdale Defendants are signatories to a series of Collective Bargaining Agreements with Local Union No. 1, as well as "residential" agreements with the United Association of Journeyman and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada (hereinafter "the UA") establishing the terms and conditions of employment for Journeymen and Apprentice Plumbers and Pipefitters employed by the Riverdale Defendants (with the exception of Defendant Wingate). *(See paragraph eleven of Plaintiff's Complaint)*.

8. The "Local Funds" received and continue to receive contributions from the Riverdale Defendants (with the exception of Defendant Wingate) pursuant to the terms of the Collective Bargaining Agreement between the Association of Contracting Plumbers of the City of New York, Inc., and Local Union No. 1 of the United Association

of Journeymen of the Plumbing and Pipefitting Industry of the United States and Canada, as well as the residential UA agreement.

9. The term of the Local No. 1 Collective Bargaining Agreement referred to in the prior paragraph is for the period of July 1, 2004 through June 30, 2007, which has been recently extended with the Association through June 30, 2010.

10. Article 25, paragraphs 99-101 of the Collective Bargaining Agreement, states as follows:

> "99. NO OTHER CONTRACTS TO BE MADE: No contracts or understandings inconsistent with or contrary to the terms of this Agreement shall be made between the Association or Employers covered by this Agreement and the Union either as individuals of groups.
>
> 100. NO OTHER AGREEMENTS EXIST: No other understanding or agreements exist between the parties hereto or their members or any other Employer covered by this Agreement, and this Agreement contains the complete understanding between and among them. All prior agreements and understandings, oral or

written, shall terminate upon the taking effect of and shall be superseded by this Agreement. Any conduct or practice by the Union or an Employer contrary to the terms of this Agreement shall not waive any terms of this Agreement. No amendments or modifications of this Agreement shall be valid unless it is agreed to by the Associations and the Union and reduced to writing.

101. <u>THIS AGREEMENT CONTROLLING</u>: In the event of any conflict between the terms, conditions and provisions of the Agreement and the Constitution and By-laws of the Association and the Union, this Agreement shall be controlling. The parties shall cause appropriate changes to be made in the respective Constitutions and By-laws to make them consistent with the provisions of this Agreement."