## SHERMAN ACT VIOLATIONS BY THE PAR PLUMBING AND CARDOZA

## PLAINTIFFS

11.  Plaintiffs Par and Cardoza are two of the top three largest Plumbing Contractors performing work within the City of New York.

12.  The relevant geographic market is the five boroughs of the City of New York (hereinafter the "Market").

13.  Plaintiffs have conspired against themselves and with the Third-Party Defendants (Stewart O'Brien ("O'Brien") and the Association of Contracting Plumbers of the City of New York ("Association"), along with the "Related Non-Party Persons and Entities" listed in Plaintiffs Complaint, and as more fully set forth in the Third Party Complaint herein below), to create and establish monopoly power by the Third Party Defendants in the Market, Plaintiffs have illegally restrained plumbing contractors such as the Riverdale Defendants from entering or doing business within the Market.

14.  Substantial unlawful barriers to entry and expansion into the Market have been erected by the Plaintiffs, including but not limited to, generally:

a. Plaintiffs, along with the Third Party Defendants favor certain Plumbing Contractors (the favored Plumbing Contractors known to the Riverdale Defendants at this time are named in the Third Party Complaint as Third Party Defendants, herein below, and are referred to herein as the "favored Plumbing Contractors") over other contractors, such as the Riverdale Defendants.

b. Plaintiffs, along with the Third Party Defendants and Related Non-Party Persons and Entities, have afforded preferential treatment toward certain favored Plumbing Contractors and is effectuated by discriminatory enforcement of the Collective Bargaining Agreement, and other unlawful acts as set forth herein.

c. The favored Plumbing Contractors are permitted to perform class "A Mechanical" work with class MES/"B-Rate", "Helpers", or non-Union mechanics (See Third Party Complaint, *supra*).

d. Generally, any efforts or attempts to compete in the Market with the favored Plumbing Contractors results in immediate retaliation by Plaintiffs, in the form of civil complaints, defamation, and

intentional interference with customers and existing contracts.

e. Any jobs obtained by the Riverdale Defendants to the exclusion of the favored Plumbing Contractors, resulted in immediate retaliation by Plaintiffs and Third Party Defendants, in the form of civil complaints, defamation, and intentional interference with customers and existing contracts.

15.  These barriers erected by Plaintiffs and Third Party Defendants magnify and reinforce each other because the favored Plumbing Contractors are permitted to use B-rate mechanics/helpers and non-union workers and charge A-Rates to the consumers, thus increasing their profits and resulting in other jobs being granted to the favored Plumbing Contractors.

16.  The enforcement mechanisms which exist to prevent such unfair competition are controlled by the very same entities and individuals who are creating the unfair competition, i.e. the Plaintiffs and Third Party Defendants, and Related Non-Party Persons and Entities.

17.  Plaintiffs, Third Party Defendants, and Related Non-Party Persons and Entities anticompetitive practices significantly increase the already high barriers to entry

and expansion facing Plumbing Contractors in the Market. These practices reduce the likelihood Plumbing Contractors can enter the Market without suffering retaliation.

18. The Plaintiffs, favored Plumbing Contractors, and Third Party Defendants did not seek the permission of the UA or the International Funds to operate any projects with MES/"B-Rate", "Helpers", or non-Union mechanics instead of "A-Rate" mechanics.

19. The Plaintiffs, Third Party Defendants, and Related Non-Party Persons and Entities condoned the use of the MES/"B-Rate", "Helpers", or non-Union mechanics in violation of Article 25 of the Collective Bargaining Agreement.

20. By providing to the favored Plumbing Contractors terms and conditions which are inconsistent, contrary, and more favorable than the terms of the Collective Bargaining Agreement as applied to the Riverdale Defendants and other similarly situated plumbing contractors, the Plaintiffs and Third Party Defendants, and Related Non-Party Persons and Entities have erected a substantial barrier to the Market to the Riverdale Defendants and other similarly situated plumbing contractors who do not wish to join and

participate with the Association, by using B-Rate mechanics and others for A-rate work.

21.  As a result of the acts listed above, Defendants have been damaged by losing bids with customers, in an amount to be determined.

<u>FIRST CLAIM FOR RELIEF</u>

**VIOLATION OF SECTION 1 OF THE SHERMAN ACT (15 U.S.C. §1)
AGAINST PAR PLUMBING AND CARDOZA**

22.  Defendants repeat and reallege the allegations set forth in paragraphs one through twenty-one herein.

23.  Beginning at least as early as February 2004, the exact date being unknown to Defendants ("the commencement date"), and continuing thereafter up to and including the date of filing of this Counterclaim, Plaintiffs have, together with their co-conspirators (Plaintiffs, as well as all Third Party Defendants and Related Non-Party Persons and Entities), in violation of Section 1 of the Sherman Act (15 U.S.C. § 1), engaged in an unlawful combination and conspiracy in unreasonable restraint of the aforesaid trade and commerce in the furnishing of plumbing and pipe fitting services, have maintained contracts and agreements in unreasonable restraint of such trade and commerce, and have committed all of the wrongful acts complained of herein in

furtherance thereof.

24. Substantial barriers to entry and expansion into the Market have been unlawfully erected by the Third Party Defendants, with the assistance and knowledge of the Plaintiffs and Related Non-Party Persons and Entities, including but not limited to, generally:

Plaintiffs Scheme

Plaintiffs, in collusion with each other and other members of the Association, and with the Association itself, on various occasions, determined and agreed to use B mechanics on A jobs. Plaintiffs did so with knowledge and agreement that in the event that the use of B mechanics or A jobs was discovered. The Third Party Defendants would use their influence and positions within the Association so that the Association members would not vote against one another at any arbitration proceeding. As a result, Plaintiffs were in a position to underbid contractors such as Defendant and others similarly situated who were not part of the scheme.

25. The combination and conspiracy herein complained of, among other things, was to permit favored Plumbing Contractors to perform "A Mechanics" work using MES/"B-Rate" or other lesser paid individuals, has been in

continuous existence since the commencement date and have been participated in for varying periods and in varying degrees by each of the Plaintiffs and third Party Defendants.

26. The Third Party Defendants were aware of the scheme, had a legal duty to disclose same, but withheld this information from Defendants.

27. Each of the acts of the Plaintiffs, third party Defendants and Related Non-Party Persons and Entities hereinbefore alleged were intended by the Plaintiffs, Third Party Defendants and Related Non-Party Persons and Entities to be, and were conceived and carried out for the aforesaid wrongful purposes, among other things, to provide the favored Plumbing Contractors an unfair competitive advantage causing the Riverdale Defendants damages and to improperly obtain jobs with which the Riverdale Defendants could not compete, all of which is in unlawful restraint of trade and commerce in general and among the states in the United States, and constituted, and were intended by them, and were in effect, an unlawful combination and conspiracy in restraint of trade and commerce in general and among the several states, in that they were intended to and did prevent the Riverdale Defendants and, upon information and

belief, others from entering into contracts to provide plumbing services within this District and elsewhere; and each and every one of the acts were in violation of the Sherman Antitrust Act and the Clayton Act, and do and did create and produce and constituted a monopoly, and was intended to, and had the effect of an attempt to, monopolize the business of providing union plumbing services for construction and rehabilitation projects within this District, and in the United States, and because of the Riverdale Defendants' inability to compete in the Market by reason of the foregoing, these acts and each of them prevented the free and unfettered negotiations between owners and contractors for the providing of plumbing and pipe fitting services.

### SECOND CLAIM FOR RELIEF

#### COMMON LAW FRAUD

28. Defendants repeat and reallege the allegations set forth in paragraphs one through twenty-seven herein.

29. Plaintiffs, as set forth above, made material misrepresentations and material omissions, with knowledge of the falsity of said representations, and with the intention that Defendants as well as their customers would rely upon those misrepresentations to their detriment.

30. Plaintiffs made such misrepresentations and omissions with knowledge of the falsity of said representations, and with the intention that Defendants would rely upon those misrepresentations to their detriment.

31. Defendants and their customers justifiably relied on said misrepresentations and omissions to their detriment.

32. Accordingly, the wrongful acts of Plaintiffs hereinabove stated constitute intentional fraud and interference with Defendants' business, which interference has caused damages to Defendants and an in amount to be determined by this Court.

33. As a result of the acts listed above, Defendants have been damaged by losing bids with customers, in an amount to be determined.

## THIRD PARTY COMPLAINT

1. Defendants Third Party Plaintiffs, William Johnston, ASA of New York, Inc., and Riverdale Associates, L.L.C. (hereinafter Third Party Plaintiffs), by their attorneys, Roth Horowitz, LLC, allege as follows:

2.   Third Party Plaintiffs bring this action, in part, under Section 4 of the Clayton Act (15 U.S.C. § 15) to recover treble the amount of damages incurred by Third Party Plaintiffs as a result of violations by the Third Party Defendants of Sections 1 and 2 of the Sherman Act (15 U.S.C. §§ 1 and 2), under Section 16 of the Clayton Act (15 U.S.C. § 26), and §301 of the Labor Management Relations Act, 29 U.S.C. §141 et. seq.) to secure legal and equitable relief against a continuation of those violations.   This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1337 and 1367.   Most of the acts complained of herein occurred within this District.

## JURISDICTION & VENUE

3.   This Court has supplemental jurisdiction over Third Party Plaintiffs' claims arising under New York law pursuant to 28 U.S.C.A. § 1367, because they flow from a common nucleus of operative facts.

## PARTIES

4.   Third Party Plaintiff Riverdale Associates, L.L.C., (hereinafter referred to as "Third Party Plaintiff" or "Riverdale") is a limited liability corporation organized and existing under the laws of the State of

Nevada, and is authorized to conduct business in the City and State of New York as an employer within the meaning of Sections 3(5) and 515 of ERISA (29 U.S.C. §602(5) and 1145), and was and is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185). Riverdale is engaged in the business of plumbing and pipe fitting services.

5.    Third Party Plaintiff ASA of New York, Inc. (hereinafter referred to as "ASA") is a corporation organized and existing under the laws of the State of New York, and is authorized to conduct business in the City and State of New York as an employer within the meaning of Sections 3(5) and 515 of ERISA (29 U.S.C. §602(5) and 1145), and was and is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185). ASA is engaged in the business of supplying plumbing and pipe fitting services.

6.    Third Party Plaintiff William J. Johnston (hereinafter referred to as "Johnston") is President and majority shareholder of ASA and is the Managing Member of Riverdale.

7.    Third Party Defendant Association of Contracting Plumbers of the City of New York (hereinafter referred to as the "Association") is, on information and belief, an Employer Association organized and existing under the laws of the State of New York, having its principal office at 44 West 28th Street, New York, New York 10001.

8.    Third Party Defendant Stewart O'Brien (hereinafter referred to as "O'Brien"), located at Association of Contracting Plumbers of the City of New York, 44 West 28th Street, 12th Floor, New York, New York 10001 was the Executive Vice President and Counsel of the Association.

9.    Third Party Defendant Eugene Cardoza (hereinafter referred to as "EC") is President and majority shareholder of Cardoza, and was a former Board Member and Past President of the Association.

10.    Third Party Defendant Lawrence Levine (hereinafter referred to as "LL") is the President and shareholder of Par, and was a Board Member and Past President of the Association.

11.  Third Party Defendant George Levine (hereinafter referred to as "GL") is the Secretary/Treasurer and a shareholder of Par.

12.  Third Party Defendants Cardoza Plumbing Corp. and Raymond Cardoza (hereinafter referred to as "CPC" and "RC" respectively), and upon information and belief, are an alter ego/since Employer to Plaintiff Cardoza, and share the same address, telephone and fax numbers, support staff, accountants, supervisors and Employees.

13.  The above named individuals and Entities in Paragraphs seven through twelve are hereinafter collectively referred to as "Third Party Defendants".

14.  Various unnamed persons not made Third Party Defendants herein, and whose exact participation, identities and addresses are at present unknown to Third Party Plaintiffs, have combined with the named Third Party Defendants in the violations and acts hereafter alleged, and have performed acts and otherwise contributed to the furtherance thereof. Third Party Plaintiffs name the following persons as co-conspirators, named herein as such but not as Third Party Defendants. Third Party Plaintiffs reserve the right, pursuant to the Federal Rules of Civil

Procedure, to amend their Complaint to add as Third Party Defendants those persons named as co-conspirators herein and any other persons whose participation in the aforesaid combination and conspiracy is not presently known to Third Party Plaintiffs but whose participation may become known to Third Party Plaintiffs at a later date.

15. Third Party Plaintiffs repeat and reallege the factual allegations as set forth in the Counterclaim as if set forth at length herein.

## COUNT I

## VIOLATIONS OF THE SHERMAN ACT BY THIRD PARTY DEFENDANTS

16. The relevant geographic Market is the five boroughs of the City of New York (hereinafter the "Market").

17. Third Party Defendants and Plaintiffs have conspired amongst themselves and with the above named favored contractors to create and establish monopoly power by the Third Party Defendants and Plaintiffs in the relevant Market, by illegally restrained plumbing contractors such as the Riverdale Defendants from entering or doing business within the relevant Market.

18. Substantial barriers to entry and expansion into

the Market have been unlawfully erected by the Third Party
Defendants, with the assistance and knowledge of the
Plaintiffs and Related Non-Party Persons and Entities,
including but not limited to, generally:

Plaintiffs Scheme

Plaintiffs, in collusion with each other and other
members of the Association and with the Association itself,
on various occasions, determined and agreed to use B
mechanics on A jobs. Plaintiffs did so with knowledge and
agreement that in the event that the use of B mechanics on
A jobs was discovered. The Third Party Defendants would
use their influence and positions within the Association so
that the Association members would not vote against one
another at any arbitration proceeding. As a result,
Plaintiffs were in a position to underbid contractors such
as Defendant and others similarly situated who were not
part of the scheme.

19. Plaintiffs and Related Non-Party Persons and
Entities preferential treatment toward favored contractors
creates a monopoly in favor of the Third Party Defendants,
Plaintiffs and Non-Party Persons and Entities and is
effectuated by erecting the following barriers to the
Market: discriminatory enforcement of the Collective

Bargaining Agreement; defamation against non-favored plumbing contractors; retaliation for attempts to compete within the Market in the form of audits and civil lawsuits (including Arbitrations) against non-favored Plumbing Contractors to deter them from competing with the Third Party Defendants, and/or discriminatory enforcement of Union and Pension rules; and denial of Union Cards and membership to qualified candidates, and the granting of same to unqualified favored candidates.

20. These barriers erected by the Third Party Plaintiffs and Related Non-Party Persons and Entities magnify and reinforce each other because the favored Plumbing Contractors are permitted to use B-rate mechanics/helpers and non-union workers and charge A-Rates to the consumers, thus increasing their profits and resulting in other jobs being granted to the favored Plumbing Contractors by the Local Funds and Reilly.

21. The enforcement mechanisms pursuant to the Collective Bargaining Agreement which exist to prevent such unfair competition are controlled by the very same entities and individuals who are creating the unfair competition.

22. Third Party Defendants anticompetitive practices significantly increase the already high barriers to entry

and expansion facing Plumbing Contractors in the Market. These practices unlawfully and materially reduce the likelihood that Plumbing Contractors can enter the Market without retaliation.

23.    Substantial barriers to entry and expansion into the Market have been unlawfully erected by the Third Party Defendants, with the assistance and knowledge of the Plaintiffs and Related Non-Party Persons and Entities, including but not limited to, generally:

Plaintiffs Scheme

Plaintiffs, in collusion with each other and other members of the Association, and with the Association itself, on various occasions, determined and agreed to use B mechanics on A jobs. Plaintiffs did so with knowledge and agreement that in the event that the use of B mechanics or A jobs was discovered. The Third Party Defendants would use their influence and positions within the Association so that the Association members would not vote against one another at any arbitration proceeding. As a result, Plaintiffs were in a position to underbid contractors such as Defendant and others similarly situated who were not part of the scheme.

24.   Plaintiffs, Third Party Defendants, and Related Non-Party Persons and Entities have and are conspiring against the Third Party Plaintiffs and other similarly situated contractors, in violation of the Collective Bargaining Agreement, and the Sherman Anti-Trust Act/Clayton Act, which interference has caused damages to Third Party Plaintiffs in an amount to be determined.

25. The Plaintiffs Third Party Defendants and Related Non-Party Persons and Entities did not seek the permission of the UA or the International Funds to operate these projects with MES/"B-Rate", "Helpers", or non-Union mechanics instead of "A-Rate" mechanics.

The Anticompetitive Effects of the Conspiracy between Plaintiff, Third Party Defendants and Related Non-Party Persons and Entities

26. The Third Party Defendants, Plaintiffs, and Related Non-Party Persons and Entities have erected a substantial barrier to the Market to the Third Party Plaintiffs and other similarly situated plumbing contractors who do not wish to use B-Rate mechanics for A-rate work.

27. By accepting terms and conditions which are inconsistent, contrary, and more favorable than the terms of the Collective Bargaining Agreement as applied to the

Third Party Plaintiffs and other similarly situated plumbing contractors, the Plaintiffs, Third Party Defendants, and Related Non-Party Persons and Entities have erected a substantial barrier to the Market to the Third Party Plaintiffs and other similarly situated plumbing contractors who do not wish to use B-Rate mechanics for A-rate work.

28. The Plaintiffs, Third Party Defendants and Related Non-Party Persons and Entities, stated to potential customers of Third Party Plaintiffs, upon information and belief, that Third Party Plaintiffs Johnston, ASA, and Riverdale were improperly using non-Union workers; that if any third party retained ASA or Riverdale for any jobs, those jobs would be in jeopardy because the Local Union would remove all union workers from the job site and/or because said Third Party Plaintiffs would be financially unable to complete those jobs. Each of the statements were knowingly false.

29. Third Party Plaintiffs and their customers reasonably relied on said misrepresentations and omissions to their detriment.

30. The Plaintiffs Third Party Defendants and Related Non-Party Persons and Entities knew or should have known

that the aforementioned false representations and material omissions were false and misleading when made or omitted, and made same to wrongfully induce Third Party Plaintiff's customers not to enter into contracts with Third Party Plaintiff.

31. Accordingly, the wrongful acts of Plaintiffs Third Party Defendants and Related Non-Party Persons and Entities hereinabove stated constitute intentional fraud which interference has caused damages to Third Party Plaintiffs in an in amount to be determined by this Court.

32. As a direct result of the actions of Third Party Defendants, Third Party Plaintiffs have incurred damages relative to the performance of the work at the Kent Avenue location, in an amount to be determined.

<u>COUNT II</u>

INTENTIONAL INTERFERENCE WITH
BUSINESS RELATIONS BY THIRD PARTY DEFENDANTS

33. Third Party Plaintiffs repeat and reallege the allegations set forth in each and every preceding paragraph as if set forth at length herein.

34. The wrongful acts of the Plaintiff, Third Party Defendants and Related Non-Party Persons and Entities hereinbefore complained of constitute intentional tortuous

interference with Third Party Plaintiffs' plumbing business, contracts and contractual relations, which interference has caused and will continue to cause damages to Third Party Plaintiffs in an amount to be determined by this Court.

## COUNT III

### MISUSE OF PROMOTIONAL FUNDS

35. Third Party Plaintiffs repeat and reallege each and every preceding paragraph hereof as if set forth at length herein.

36. As part of their contracts with Local 1, Third Party Plaintiffs, have been compelled to make substantial contributions to the Association's Promotional Fund ("the Contributions") to be used by the Trustees for the purpose of promoting the plumbing industry in the New York City area.

37. Upon information and belief these Contributions were intentionally not used for the intended purpose, but for purposes of, among other things, paying legal fees in support of frivolous litigation, including but not limited to funding Plaintiffs in the instant litigation, thereby causing substantial damages to said Third Party Plaintiffs

and all others similarly situated. The exact amount of said damages cannot now be determined.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered the Complaint of Defendants, and having filed the instant Counterclaims and Third Party Complaint, Defendants/Third Party Plaintiffs herein, respectfully request the following relief from this Court:

1. As to the Plaintiffs' Complaint, the dismissal of all causes of action with prejudice, plus attorneys' fees, costs of suit, and all other relief that this Court deems just and proper.

2. As to Defendants' Counterclaim, First Claim for Relief, the application of the Collective Bargaining Agreement in a way that is consistent with that granted to Plaintiffs and others, plus damages in an amount to be determined by this Court, attorneys' fees, costs of suit, and all other relief which this Court deems just and proper.

3. As to Defendants' Counterclaim, Second Claim for Relief, the application of the Collective Bargaining

Agreement in a way that is consistent with that granted to Plaintiffs and others, plus damages in an amount to be determined by this Court, attorneys' fees, costs of suit, and all other relief which this Court deems just and proper.

4.   As to Defendants' Counterclaim, Third Claim for Relief, damages in an amount to be determined by this Court, attorneys' fees, costs of suit, and all other relief which this Court deems just and proper.

5.   As to Count I of the Third Party Complaint, damages in an amount to be determined by this Court, attorneys' fees, costs of suit, and all other relief which this Court deems just and proper.

6.   As to Count II of the Third Party Complaint, damages in an amount to be determined by this Court, attorneys' fees, costs of suit, and all other relief which this Court deems just and proper.

7.   As to Count III of the Third Party Complaint, damages in an amount to be determined by this Court, attorneys' fees, costs of suit, and all other relief which this Court deems just and proper.

8.   As to Count IV of the Third Party Complaint,

damages in an amount to be determined by this Court, attorneys' fees, costs of suit, and all other relief which this Court deems just and proper.

9.  As to Count V of the Third Party Complaint, damages in an amount to be determined by this Court, attorneys' fees, costs of suit, and all other relief which this Court deems just and proper.

10. As to Count VI of the Third Party Complaint, damages in an amount to be determined by this Court, attorneys' fees, costs of suit, and all other relief which this Court deems just and proper.

**WHEREFORE,** having answered and responded, the Defendants respectfully request that Plaintiffs Complaint be ordered dismissed in its entirety with prejudice against Defendants, and that Defendants be entitled to recover its expended costs and attorney's fees, and all other relief this Court deems just and proper.

Dated:    June 9, 2008             Respectfully submitted:


                                   Steven B. Horowitz, Esq.
                                   Roth Horowitz, L.L.C.
                                   150 Morris Avenue
                                   Suite 206
                                   Springfield, NJ 07081

## CERTIFICATION

I hereby certify that, with the exception of the counterclaim, and portions of the Third Party Complaint there are other matters pending involving the controversy in the U.S. District Court, Eastern District of New York, Case No. 07-civ-1740(SLT)(JO).

Dated: June 9, 2008

Steven B. Horowitz, Esq.