UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| PAR PLUMBING CO., INC. and CARDOZA CORP.,<br><br>          Plaintiffs,<br><br>    - against -<br><br>WILLIAM JOHNSTON, A.S.A. ASSOCIATES OF NEW YORK, INC., AND RIVERDALE ASSOCIATES, LLC.,<br><br>          Defendants. | 07-cv-9722 (DAB) (FM)<br><br><u>REPLY TO DEFENDANTS' COUNTERCLAIM AGAINST PAR PLUMBING CO., INC. and CARDOZA CORP.</u> |
| WILLIAM JOHNSTON, A.S.A. OF NEW YORK, INC., AND RIVERDALE ASSOCIATES, LLC.<br><br>         Third-Party Plaintiffs,<br><br>    -against-<br><br>ASSOCIATION OF CONTRACTING PLUMBERS OF THE CITY OF NEW YORK, STEWART O'BRIEN, EUGENE CARDOZA, LAWRENCE LEVINE, GEORGE LEVINE, CARDOZA PLUMBING CORP., AND RAYMOND CARDOZA, JOHN DOES 1-10 AND COMPANY ABC THROUGH XYZ,<br><br>         Third Party Defendants,. | |

Plaintiffs PAR PLUMBING CO., INC. ("Par") and CARDOZA CORP. ("Cardoza") (collectively, "Plaintiffs"), by their attorneys, Kauff McClain & McGuire LLP, as and for their Reply to Defendants' WILLIAM JOHNSTON, A.S.A. ASSOCIATES OF

NEW YORK, INC. ("ASA"), AND RIVERDALE ASSOCIATES, LLC. ("Riverdale"), (collectively, "Defendants") Counterclaim, admit, deny and aver as follows:

## COUNTERCLAIM

## JURISDICTION AND VENUE

1. Paragraph 1 of the Counterclaim contains introductory language to which no response is required. To the extent that Paragraph 1 contains allegations to which a responsive pleading is required, Plaintiffs deny those allegations as they may pertain to Plaintiffs.

## PARTIES

2. Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of the Counterclaim, except admit that, upon information and belief, Riverdale is engaged in the business of providing plumbing and pipefitting services.

3. Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 of the Counterclaim, except admit that, upon information and belief, ASA is engaged in the business of providing plumbing and pipe fitting services.

4. Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 of the Counterclaim. To the extent that Paragraph 4 contains allegations to which a responsive pleading is required, Plaintiffs deny those allegations as they may pertain to Plaintiffs.

5. Paragraph 5 of the Counterclaim contains introductory language to which no response is required. To the extent that Paragraph 5 is deemed to contain

allegations to which a responsive pleading is required, Plaintiffs deny those allegations as they may pertain to Plaintiffs.

6. Paragraph 6 of the Counterclaim contains an assertion that the counterclaim is brought against Plaintiffs; no response is required to this assertion. To the extent an answer may be required, Plaintiffs admit that the counterclaim purports to be asserted against them.

## FACTS COMMON TO ALL COUNTS

7. Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Counterclaim, except admit that they are signatories to an agreement with the United Association of Journeyman and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada ("UA"), commonly referred to as the "UA Residential Agreement," and to a collective bargaining agreement with Plumbers Local Union No. 1.

8. Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Counterclaim.

9. Plaintiffs admit the allegations set forth in Paragraph 9 of the Counterclaim.

10. Plaintiffs admit the allegations set forth in Paragraph 10 of the Counterclaim.

## SHERMAN ACT VIOLATIONS BY THE
## PAR PLUMBING AND CARDOZA PLAINTIFFS

11. Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Counterclaim.

4844-9504-8450.2

-3-

12. Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Counterclaim.

13. Plaintiffs assume that the first sentence of Paragraph 13 which states "Plaintiffs have conspired *against* themselves . . ." should read "Plaintiffs have conspired *amongst* themselves . . ." In either case, Plaintiffs deny the allegations set forth in Paragraph 13 of the Counterclaim.

14. Plaintiffs deny the allegations set forth in Paragraph 14 of the Counterclaim.

15. Plaintiffs deny the allegations set forth in Paragraph 15 of the Counterclaim, except admit that certain plumbing contractors, including Plaintiffs, have applied for authorization to use B journeymen and helpers on certain projects pursuant to procedures set forth in the Plumbers Local Union No. 1/Association of Contracting Plumbers collective bargaining agreement and the UA Residential Agreement.

16. Plaintiffs deny the allegations set forth in Paragraph 16 of the Counterclaim.

17. Plaintiffs deny the allegations set forth in Paragraph 17 of the Counterclaim.

18. Plaintiffs deny the allegations set forth in Paragraph 18 of the Counterclaim, except admit that the Plaintiffs did not seek the UA's or International Funds' permission to use persons on certain projects who are covered by an agreement between Plumbers Local Union No. 1 and the Association of Contracting plumbers known as the Mechanical Equipment and Service ("MES") Agreement when they were not required to obtain their permission.

19. Plaintiffs deny the allegations set forth in Paragraph 19 of the Counterclaim.

20. Plaintiffs deny the allegations set forth in Paragraph 20 of the Counterclaim.

21. Plaintiffs deny the allegations set forth in Paragraph 21 of the Counterclaim.

### FIRST CLAIM FOR RELIEF

### VIOLATION OF SECTION 1 OF THE SHERMAN ACT (15 U.S.C. §1) AGAINST PAR PLUMBING AND CARDOZA

22. Plaintiffs repeat and reallege their responses to each and every allegation in Paragraphs 1 to 21 of the Counterclaim as if fully set forth in this Paragraph.

23. Plaintiffs deny the allegations set forth in Paragraph 23 of the Counterclaim.

24. Plaintiffs deny the allegations set forth in Paragraph 24 of the Counterclaim.

Plaintiff's Scheme - Unnumbered paragraph on unnumbered page. To the extent this unnumbered paragraph sets forth allegations to which a response is required, Plaintiffs deny the allegations set forth in this unnumbered paragraph of the Counterclaim.

25. Plaintiffs deny the allegations set forth in Paragraph 25 of the Counterclaim.

26. Plaintiffs deny the allegations set forth in Paragraph 26 of the Counterclaim.

27. Plaintiffs deny the allegations set forth in Paragraph 27 of the Counterclaim.

## SECOND CLAIM FOR RELIEF

## COMMON LAW FRAUD

28. Plaintiffs repeat and reallege their responses to each and every allegation in Paragraphs 1 to 27 of the Counterclaim as if fully set forth in this Paragraph.

29. Plaintiffs deny the allegations set forth in Paragraph 29 of the Counterclaim.

30. Plaintiffs deny the allegations set forth in Paragraph 30 of the Counterclaim.

31. Plaintiffs deny the allegations set forth in Paragraph 31 of the Counterclaim.

32. Plaintiffs deny the allegations set forth in Paragraph 32 of the Counterclaim.

33. Plaintiffs deny the allegations set forth in Paragraph 33 of the Counterclaim.

## AFFIRMATIVE DEFENSES

By their statement of affirmative defenses hereafter, Plaintiffs do not assume the burden of proof for any issue as to which applicable law places the burden on Defendants.

### FIRST AFFIRMATIVE DEFENSE

1. The Counterclaim fails to state a claim which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2. The claims in the Counterclaim are barred, in whole or in part, by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

3. The claims in the Counterclaim are barred in whole or in part by the doctrines of laches, or waiver or estoppel.

### FOURTH AFFIRMATIVE DEFENSE

4. The claims in the Counterclaim are barred in whole or in part by the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

5. The claims in the Counterclaim are preempted, in whole or in part, by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, as amended ("LMRA").

### SIXTH AFFIRMATIVE DEFENSE

6. The claims in the Counterclaim are preempted, in whole or in part, by the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended.

### SEVENTH AFFIRMATIVE DEFENSE

7. The claims in the Counterclaim are precluded, in whole or in part, by New York law.

### EIGHTH AFFIRMATIVE DEFENSE

8. Defendants have failed to mitigate any and all alleged damages.

### RESERVATION AND NON-WAIVER

Plaintiffs reserve and so not waive any additional or further defenses as may be revealed by additional information that may be disclosed in discovery or otherwise.

**WHEREFORE**, Plaintiffs respectfully request the dismissal of each of the alleged counterclaims and request that Plaintiffs be awarded their costs, including reasonable attorneys' fees, together with such other relief as to the Court seems just and proper.

Dated:    New York, New York
          August 21, 2008

                          KAUFF McCLAIN & McGUIRE LLP

                          By: _____
                                Raymond G. McGuire
                                Aislinn S. McGuire
                                950 Third Avenue, Fourteenth Floor
                                New York, New York 10022
                                (212) 644-1010
                                Counsel for Plaintiffs